OPINION
Juvenile appellant, Landon Khakdoust ("Khakdoust"), appeals from the Lake County Court of Common Pleas, Juvenile Division, judgment entered on September 3, 1998, finding him to be a delinquent child for having committed an act which would have been a violation of R.C. 2911.02, robbery, if committed by an adult.
On February 9, 1998, at approximately 9:45 p.m., Khakdoust and a friend named Tom Sekki were standing in front of a Convenient Food Mart in Fairport Harbor, Ohio. Khakdoust was wearing a large black winter coat and a black knit hat. Two women, Amy Marcelli and Christina Sentinek (both twenty-two years old), pulled into the store lot and parked by the front door. The women knew both of the boys. As the women were about to enter the store, Amy Marcelli asked Tom Sekki what they were doing, and Tom replied they were about to get some beer. The women went into the store, bought some items, and came back out. Suddenly, the women saw Khakdoust running out of the store with something large under his jacket. As Khakdoust rounded the gasoline pumps he pulled out a case of beer and continued running. It was established at trial that the beer was never paid for. An employee of the store named Edward Hotko, gave chase. Hotko knew Khakdoust and was able to positively identify him at trial.
Khakdoust ran around a corner, out of the view of the two women. Then Hotko caught Khakdoust from behind. Hotko put him in a headlock, and a scuffle ensued. Khakdoust broke free of the headlock, and the scuffle continued. Hotko testified that punches were thrown. Hotko grabbed Khakdoust again, but then he was hit hard in the back of the head by a third person. Hotko fell to his hands and knees. He testified that at that point he was being hit and kicked from "every which way" by two people. On cross-examination, Hotko stated that after he got hit in the back of the head he could not testify positively that Khakdoust was one of the people kicking him when he was on the ground. Hotko was unable to defend himself, as blows were landing from every direction. He was simply trying to protect himself as best he could. At that point, Larry Jedlicka, a part-owner of the store, who was approaching at a run, began yelling at the assailants. They then ran off, but were caught later by the police.
Khakdoust was charged as a juvenile for an act which would have been classified as a second degree felony, robbery, under R.C. 2911.02, if committed by an adult. An adjudicatory hearing was conducted by a magistrate on August 14, 1998. Edward Hotko, Larry Jedlicka, Amy Marcelli, Christina Sentinek, Officer Michael Hill, and Khakdoust all testified at the hearing. At the close of the state's evidence in the hearing, Khakdoust's counsel made a Crim.R. 29 motion for acquittal, which was denied. This motion was not renewed at the close of all evidence. The magistrate found the charge was true, and set the matter for a dispositional hearing on September 1, 1998.
At the conclusion of the dispositional hearing, the magistrate informed Khakdoust that he had a right to appeal the "findings from the trial" and "anything with regard to disposition," and advised Khakdoust to consult his attorney. The magistrate incorrectly informed Khakdoust that he had thirty days to file an appeal. The magistrate's decision was filed on September 1, 1998, but, pursuant to Juv.R. 40(E)(4)(a), was not effective until adopted by the court, after which the time to file an appeal began to run. The magistrate did not advise Khakdoust that he had fourteen days to file objections with the court to the magistrate's decision. As required, regardless of whether a party files objections to a magistrate's decision, the court did conduct an independent review of the magistrate's decision and adopted it in full, entering judgment on September 3, 1998. Pursuant to Juv.R. 40(E)(4)(c), the court did not wait for timely objections to the magistrate's decision prior to entering judgment. No objections were ever filed. Nor did Khakdoust file notice of appeal within thirty days of the court's judgment entry of September 3, 1998. On December 7, 1998, Khakdoust filed a motion for a delayed appeal pursuant to App.R. 5(A). On March 16, 1999, this court granted Khakdoust's motion. Pursuant to the grant of leave to appeal, Khakdoust filed an appeal, assigning the following error:
 "The State failed to prove the delinquency charge beyond a reasonable doubt."
Khakdoust's argument is that the state did not present sufficient evidence to sustain a conviction. Specifically, he maintains that there was no testimony that supported the element of force or the threat of the use of force. This argument is based on the premise that the "force" which occurred in the instant case began when Hotko was struck in the back of the head by a party whom he did not see. After he was hit in the head, Hotko was not able to testify that he saw Khakdoust hitting and kicking him but, rather, only that two people continued hitting and kicking him. Therefore, Khakdoust argues, there was insufficient evidence to support a finding beyond a reasonable doubt that Khakdoust used or threatened to use force in committing a theft offense.
R.C. 2911.02, Robbery, states as follows:
 "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
"(1) * * *
 "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
 "(3) Use or threaten the immediate use of force against another."
In the instant case, the complaint alleged that Khakdoust inflicted, attempted to inflict, or threatened to inflict physical harm on Edward Hotko. Khakdoust was charged under Section (A)(2). Khadoust's argument uses the term "force" from Section (A)(3), and is directed at Section (A)(3). Although the difference may be slight, the use of this language is, at least, inaccurate. The complaint did not allege a violation of (A)(3), rather it alleged a violation of (A)(2).
In the magistrate's decision dated August 14, 1998, there is a factual finding that "* * * on 2-9-98 Landon stole a case of beer from the Fairport CFM and in furtherance of the theft, Landon along with another struck the CFM employee, Mr. Hotko, causing rescue to be called to the scene." On September 3, 1998 the trial court "independently reviewed the matter" and found the decision was "proper in all respects, and adopts it in full." There was never a challenge to the findings of fact by the magistrate and, therefore, appellant is not permitted to challenge those facts on the appellate level. In re Walker (Sept. 16, 1999), Franklin App. No. 98AP-1548, unreported, 1999 Ohio App. Lexis 4245, at 4-5.
Even were we to overlook the procedural defects of Khakdoust's argument, it is clear that the premise of the argument, that the force used against Hotko did not begin until he was hit on the back of the head, is specious. Hotko testified that when he initially caught Khakdoust, they engaged in a scuffle which lasted for thirty-to-forty seconds before he was hit in the back of the head. He testified that Khakdoust broke out of his first headlock, and while he tried to get a hold of Khakdoust again, punches were thrown. When Hotko did get a hold of Khakdoust again, he was hit in the back of the head. Also, the court is allowed to consider circumstantial evidence. There is a strong inference that Khakdoust was one of the people who continued hitting Hotko after he was hit in the back of the head.
In evaluating a claim that there was insufficient evidence to support a criminal conviction, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of syllabus. R.C. 2901.01(A)(3) defines physical harm to persons as "any injury * * * regardless of its gravity or duration." In viewing the evidence in a light most favorable to the prosecution, it is clear that Khakdoust attempted to inflict, and did inflict, physical harm to Hotko, thereby meeting the element of the offense which Khakdoust refers to as "force." Khakdoust's assignment of error is without merit. The judgment of the trial court is affirmed.
 ____________________________ O'NEILL, J.
CHRISTLEY, P.J., NADER, J., concur.